*262 OPINION.
Lansdon:
This appeal presents two issues for consideration by the Board: (1) Whether the Commissioner has erroneously adjusted depreciation on the two buildings owned by the taxpayers; and (2) whether the personal credits of stockholders on the books of the Roshek Brothers Co. were property excluded from’ the computation of that taxpayer’s invested capital.
The building owned by the Roshek Brothers Co. was erected on leased ground in 1907. The lease provides that on its termination, at the end of 25 years, the lessor shall purchase the building at its salvage value at that time. This provision disposes of the taxpayer’s contention that it is entitled to a depreciation rate sufficiently high to extinguish the cost of the property at the termination of the lease, and reduces the problem to a simple computation of the depreciation of the taxpayer’s property under the usual rules.
The taxpayer raises two objections to the Commissioner’s adjustment of depreciation on the building owned by the Roshek Brothers Co. For a number of years it took no depreciation on this property. The Commissioner has held that depreciation should be computed at the regular rate on such building from the date of construction, entirety regardless of the taxpayer’s contention that for several years appreciation in value resulting from the development of the neighborhood more than equaled any physical deterioration of the property. On this point the Board must sustain the Commissioner, on the authority of the Appeal of Even Realty Co., 1 B. T. A. 355. In the light of the evidence the Board is of the opinion that the annual depreciation rate of 3% per cent allowed on this building by the Commissioner is adequate, if considered in connection with the provision in the lease which assures the taxpayer the return of any unextinguished useful value at the termination of the lease.
The situation in respect to the building owned.by the Roshek Realty Co. requires separate consideration. That building was erected in 1888 and became the property of the taxpayer in 1918. At the date of its acquisition, considerable amounts were spent for repairs and reconstruction; but the building is still an old structure with a useful life or not more than 12% years from the date of its acquisition. The Board is of the opinion that the taxpayer should be allowed depreciation on this building at the rate of 8 per cent per annum.
*263 The evidence adduced by the taxpayer in support of its contention that the personal credits to stockholders carried on the books of Roshek Brothers Co. should be included in the computation of invested capital is not persuasive. The record discloses that at the end of each business year certain portions of the profits were credited to individual accounts of the stockholders on the private ledger of the taxpayer. The stockholders drew at will against, such accounts, received interest on balances due them, and accepted and held notes as evidence of their ownership of the funds which they allowed to remain in the business. The credit balances were available for the use of the stockholders at all times. The Board is of the opinion that such credit balances must be regarded as borrowed capital within the meaning of the law, and were properly excluded from invested capital by the Commissioner. Appeals of Electrical Supply Co., 1 B. T. A. 658, and Kelly-Buckley Co., 1 B. T. A. 1154.